UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-22961-GAYLES/TORRES

**MICHAEL MURPHY**,

    Plaintiff,

v.

**MSC CRUISES, S.A.**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss (the "Motion"). [ECF No. 6]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is **GRANTED**.

## BACKGROUND[1]

Plaintiff Michael Murphy filed this action on September 16, 2022, based on injuries he sustained while aboard the MSC *Divina* owned and operated by Defendant MSC Cruises, S.A. ("Defendant"). [ECF No. 1]. Plaintiff alleges that, on April 25, 2022, he was on the fourteenth floor of the *Divina* and slipped and fell on a wet and slippery surface. *Id.* ¶ 14. Plaintiff does not describe the specific location or circumstances of his fall.

Plaintiff alleges a list of "risk creating conditions" that caused him to fall, including a foreign substance on the floor, the floor lacking adequate slip resistant material, the lack of reasonable safety measures, the lack of drainage on the floor or that drainage was inadequate, the

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

lack of policies regarding use of slip-resistant footwear in the subject area, the lack of a rug/carpet on the subject surface, the lack of adequate air blowers, crew members squeegeeing the area, and/or other reasonable measures to keep the area dry, and other dangerous conditions that purportedly would be revealed during discovery (the "Risk Creating Conditions"). *Id.* ¶ 16. Plaintiff also alleges that Defendant had actual or constructive notice of the Risk Creating Conditions because (a) Plaintiff did not observe anyone spill anything in the location where he slipped for at least ten minutes prior to the accident; (b) Plaintiff observed a crewmember in the subject areas at the time of the incident who appeared to be responsible for keeping the area safe; (c) Defendant participated in the installation and/or design of the area; (d) before and after the accident, Defendant installed and/or refitted a rug or carpet in the area; (e) before and after the accident, Defendant installed and/or refitted similar surfaces on the subject ship and other ships that were less slippery; (f) there were relevant safety standards regarding the safety of the subject area; (g) Defendant inspected the subject areas or failed to adequately inspect the subject area; (h) previous passengers suffered slip and fall incidents involving similar surfaces on the *Divina* and other ships; and (i) other reasons that will be revealed during discovery. *Id.* ¶ 18.

The Complaint asserts six (6) counts against Defendant: negligent failure to inspect (Count I), negligent failure to maintain (Count II), negligent failure to remedy (Count III), negligent failure to warn of dangerous condition (Count IV), negligent design, installation, and approval of the subject area and the vicinity (Count V), and negligence for the acts of MSC's crew, staff, employees, and/or agents, based on vicarious liability (Count VI). *Id.* Defendant now moves to dismiss for failure to state a claim. [ECF No. 6].

## **LEGAL STANDARD**

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

## **ANALYSIS**

The Court finds that the Complaint is deficient. Plaintiff alleges, with little detail, that he fell on a wet and slippery surface on the fourteenth floor of the *Divina*. However, there is nothing in the Complaint to indicate the location, type of flooring, or conditions that caused Plaintiff's fall.[2] As a result, Defendant does not have adequate notice of the claims against it and the Court cannot evaluate the sufficiency of any of Plaintiff's claims. Indeed, the determination of whether Defendant had notice of the multitude of risk creating conditions set forth in the Complaint, or whether the hazard was open and obvious to Plaintiff, may depend on the specific location and

---

[2] While Plaintiff argues in its response to the Motion that the accident took place near the pool area, [ECF No. 11], the Court cannot consider allegations outside of the four corners of the Complaint when ruling on a motion to dismiss. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is limited to the four corners of the complaint.") (internal quotation omitted).

circumstances of Plaintiff's fall. Accordingly, the Complaint shall be dismissed for failure to state a claim.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, [ECF No. 6], is **GRANTED.**

2. Plaintiff's Complaint [ECF No. 1] is **DISMISSED** without prejudice.

3. Plaintiff may move for leave to amend his Complaint on or before August 30, 2023.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of August, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE